## Crummies Creek Coal Corp. v. Napier.

(Decided Dec. 16, 1932:)

570

WILLIAM SAMPSON for appellant.

C. R. LUKER for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Reversing.

The Crummies Creek Coal Corporation was engaged in mining coal in November, 1927. Dillard Napier was one of its employees working in its mine, when he was killed by ''an accident arising out of and in the course of his employment.'' The company and Napier had elected to work, and were working, under the Workmen's Compensation Law (Ky. Stats., sec. 4880 et seq.). Robert Napier, the father of Dillard, asserting that he was a dependent upon his son, made application to the Workmen's Compensation Board for adjusted compensation. The board awarded him compensation at the rate of $6 per week, on the basis of 50 per cent. dependency. Thereafter he married May Hicks. Thereupon the company, on written notice to him, entered a motion before the Workmen's Compensation Board to open the case and set aside the award on the ground of his subsequent marriage. In avoidance of its motion, he pleaded that, at the time of his marriage to May Hicks, she was under 14 years of age, and that for this reason, under section 2097, Ky. Stats., his marriage to her was void, and that the language, ''Compensation to any dependent shall cease at the death or legal or common-law marriage of such dependent'' (section 4894, Ky. Stats.), had no application. The board sustained his construction thereof, overruled the motion of the company, and affirmed its original award. Within twenty days after the rendition of the board's order, the company filed in the Harlan circuit court a petition for review of the award, as authorized by section 4935, Ky. Stats. The circuit court entered a decree adverse to the company, from which it appeals.

The facts presented are not disputed, and therefore the question is one of law. Warfield Natural Gas Co. v. Muncy, 244 Ky. 213, 50 S. W. (2d) 543.

Marriage is prohibited and declared void by section 2097, Ky. Stats., "When at the time of marriage, the male is under sixteen, or the female is under fourteen years of age."

This clause requires a reading and interpretation in connection with the language, "Compensation to any dependent shall cease at the death or legal or common-law marriage of such dependent." Section 4894. Also the language of these two sections must be read and construed in connection with sections 2100 and 2115, Ky. Stats.

Section 2100 reads:

"Courts having general equity jurisdiction may declare void a marriage obtained by force or fraud, or at the instance of any next friend, where the male was under sixteen or the female under fourteen years of age at the time of the marriage, and the marriage was without the consent of the father, mother, guardian or other person having the proper charge of his or her person, and has not been ratified by cohabitation after that age."

In section 2115 it is written:

"Where doubt is felt as to the validity of a marriage, either party may, by petition in equity, demand its avoidance or affirmance; but where one of the parties was within the age of consent at the time of marriage, the other party being of proper age, shall have no such proceeding for that cause, against the party under age."

When section 2097 is interpreted in connection with and in the light of the language of section 2100 and section 2115, it is very plain that, notwithstanding section 2097 positively declares a marriage void, when at the time it is consummated "the male is under sixteen, or the female is under fourteen years of age," it may be avoided in a court of equity (a) at the insistence of a next friend, if it was performed without the consent of the father, etc., or (b) where one of the parties who was within the age of consent at the time of the marriage. But, if the other party is of proper age at the time of the ceremonial marriage, he or she may not in a court of equity avoid the marriage for that cause against the party under age.

It is observed that section 2115 expressly deprives Robert Napier of all right and remedy in a court of

equity to avoid his marriage to May Hicks for that cause, though she was. at the time of the marriage under 14 years of age. No reason or authority should be required of us to sustain the statement that, since section 2115 denies him the right to have his marriage to her invalidated in a court of equity on the ground she was under the age of consent at the time of the marriage, a fortiori, he was without right to have the Workmen's Compensation Board to treat his marriage to her invalid in order to enable him to escape the consequence of section 4894, declaring the "compensation to any dependent shall cease at the death or legal or common-law marriage of such dependent." Section 2097 prohibits and declares void a marriage "between a white person and a negro or mulatto." Napier avows that his marriage to May Hicks is identical with a marriage "between a white person and a negro or mulatto," and is controlled exclusively by this section as it was applied in the case of Moore v. Moore, 98 S. W. 1027, 30 Ky. Law Rep. 383. Sections 2100 and 2115 do not apply to a "marriage * * * between a white person and a negro or mulatto." The language of section 2098 sustains this construction of section 2097. It legitimates issue born of a marriage of a male under 16 years of. age or a female under 14 years of age, but expressly declares that the "issue of a marriage between a white person and a negro or mulatto" shall not be legitimated. Such was its construction and application in Moore v. Moore.

It is urged by Napier that section 4894 applies to a widow who remarries after the award is made, but not to a husband. The language of this section in this respect is plain and unambiguous. The words "any dependent" embrace the father or mother, or any other dependent, who marries after the award is made, whether his dependency is in whole or in part. The word "any" as used therein means, "One indifferently out of a number; one indiscriminately of whatever kind or class; one, no matter what one." Webster's New International Dictionary. "(It) is an indefinite pronominal adjective, and is used to designate objects (persons) in a general way without pointing out any one in particular." Hamilton v. Des Moines Valley Ry. Co., 36 Iowa, 31. It excludes selection or designation. Citizens' Bank of Louisiana v. Parker, 192 U. S. 73, 24 S. Ct. 181, 48 L. Ed. 346; United States v. Cohn, 2 Ind. T. 474, 52 S. W. 38; Cooper v. Utah Light

& Ry. Co., 35 Utah, 570, 102 P. 202, 136 Am. St. Rep. 1075; White v. Furgeson, 29 Ind. App. 144, 64 N. E. 49. The language of section 4894 means that compensation to any dependent, without regard to his relationship to the deceased, shall cease at the death, or a ceremonial marriage as prescribed by the Statutes, or a common-law marriage. It becomes operative upon the order of the Workmen's Compensation Board, rendered on application made to it as prescribed by sections 4933 or 4934 of the Statutes, determining that the dependent had married subsequent to the award rendered for his or her benefit.

Robert Napier's right to collect and receive the compensation awarded to him for partial dependency upon his son ceased on his marriage to May Hicks, and it was the duty of the board so to declare as a matter of law.

The judgment is reversed, with instructions that the case be remanded to the Workmen's Compensation Board for proceedings consistent with this opinion.