## Johnson v. Johnson.

Jan. 21, 1944.

As Modified on Denial of Rehearing

March 24, 1944.

Wheeler & Shelbourne for appellant.

Webb & Webb for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER
—Reversing.

Early in 1929, Goalder Johnson was indebted to his half brother, Olney Johnson, who was also his surety on several obligations. Mrs. Kate Webb Johnson, wife of Goalder Johnson, borrowed $1,600 from Usher & Gardner, a corporation, of which Ed Gardner was president and manager. Gardner had agreed to lend her the money, conditioned that Olney Johnson sign her note as surety; that she execute a trust deed or mortgage on certain property in Tennessee; and that a policy of insurance on the life of Goalder Johnson be assigned to him to secure the obligation and to protect Olney Johnson as surety. On February 2, 1929, simultaneous with the execution of the trust deed and perhaps of the note, Goalder Johnson and his wife, who was the beneficiary in the policy of $10,000, executed an assignment which was accepted by the insurance company, the material part of which is as follows: "For value received we here-

by assign all our right, title, and interest in and to Policy No. 348,883 issued by the Massachusetts Mutual Life Insurance Company, and insuring the life of Goalder Johnson, to Olney Johnson and Ed Gardner whose Post Office address is Hickman and the said Olney Johnson and Ed Gardner is hereby authorized to collect from the said Company the full amount which may become due on said Policy when it becomes a claim, and out of the money so received, retain for his own use the amount of any indebtedness of the said Goalder Johnson to the said Olney Johnson and Ed Gardner and to pay over the balance, if any, to the same person, or persons, as are named in said Policy as beneficiaries, or to the person, or persons, who may then be entitled to receive the same; but nothing contained herein shall authorize the said Olney Johnson and Ed Gardner to sell or surrender this Policy before its maturity without the written consent of the insured and the beneficiaries, if any, named therein.''

When Goalder Johnson had died in 1940, the Insurance Company issued its check for $7,215.14, the face of the policy less a loan thereon, made payable to Kate Webb Johnson, Ed Gardner and Olney Johnson. Olney Johnson declined to endorse the check that it might be cashed. Mrs. Johnson brought this suit for a mandatory injunction compelling Olney Johnson to endorse the check, asserting that the assignment of the policy had been made to secure the payment of the $1,600 obligation and none other. The defendant pleaded in substance and effect that the assignment had been made also to secure his brother's debt to himself amounting to $3,904.36 net, and that he was entitled to receive that sum from the proceeds of the check. He had declined to endorse the check because his claim and rights had been denied. He asked appropriate relief. Evidence was introduced by the plaintiff tending to show that the assignment had been made specifically and only to secure the $1,600 note. That introduced by the defendant tended to show that it was intended to cover all obligations as above stated. There was much evidence relating to the accounts between the two brothers. The circuit court had no doubt that Goalder Johnson owed his brother, Olney Johnson, a considerable sum of money, but he concluded that the assignment was made to secure the Usher & Gardner note only, and that it was its only consideration. It was adjudged that the

note should be paid and the balance of the proceeds belonged to Mrs. Johnson. The defendant was ordered to sign and endorse the check so that it could be collected and so distributed.

The case is to be decided upon the application of the familiar rule that where a written instrument is clear and complete in itself it must be interpreted according to its terms and legal import without the influence of or variation or contradiction by extrinsic parol evidence. Any oral understanding by the parties to the contract was merged in the writing so that evidence of the understanding cannot be used to change or show any intent different from that expressed in the instrument. There was no plea or claim of fraud or mistake in relation to it.

The evidence was not competent under the rule of admissibility in order to prove the true consideration of a contract, for insofar as Olney Johnson was concerned it is agreed that the assignment was made in consideration of his becoming endorser or surety on the note to Usher & Gardner. The testimony went to contradict the unqualified terms of the instrument by changing its subject matter and cannot be regarded. Apple v. McCullough, 239 Ky. 74, 38 S. W. (2d) 955. Of particular application is the summary and quotation in that opinion from Coker & Bellamy v. Richey, 104 Or. 14, 202 P. 551, 552, 204 P. 945, 947, 22 A. L. R. 744. In that case it was sought to show by parol testimony that a contract of sale of a business, including the sale of "all the pianos * * * now located" in the store also included other musical instruments which had been ordered and not yet received and others sold which might be returned. The court held the defendant could not enlarge or "construct a contract entirely different in its terms and obligations from that expressed in the writing" by proving a different intention under the guise of proving the true consideration. These fundamental rules are as applicable to an assignment in writing as in the case of actions between parties to other contracts. 4 Am. Jur., Assignments, Sec. 310.

The facts in Reinhardt v. Marks' Adm'r, Ky., 93 S. W. 32, and in Ward v. Ward, 154 Ky. 355, 157 S. W. 700, are strikingly similar to those presented here, with an important and controlling exception. In each case the assignment of the insurance policy was absolute

or blanket in form and did not state the purposes for which it was made or contain any limitation. On its face it purported to transfer the whole interest of the insured in the policy. The conflict between the parties as to whether the assignment was for a single particular debt or of all debts owing by a deceased brother was decided upon parol evidence that the assignment was not of all rights under the policy. The cases came within the principle that the parol evidence rule does not apply where there was only a partial integration of the contract and does not preclude consideration of portions of an entire agreement which are consistent with the writing. There was nothing in either case inconsistent with the agreements as to the purposes of the instrument, nor was any claim asserted that the assignment transferred the entire interest of the insured or beneficiary. Indeed, since there was involved, although not expressly, the question of an insurable interest of the assignees, limited as it was to the amounts of their debts, it was proper to show that was the extent of the assignment. Cf. Arrowood v. Duff, 287 Ky. 107, 152 S. W. (2d) 291. This is in accord with general authority. Couch, Cyc. of Insurance, Sec. 1458w.

In the case at bar, the instrument stipulates that the assignees, Olney Johnson and Ed Gardner, are authorized to collect and retain the proceeds of the policy for "the amount of any indebtedness" of the insured, Goalder Johnson, and to pay the balance "if any" to the beneficiary then entitled to receive same. It cannot be questioned that as in the case of a pledge of other property an assignment and pledge of a life insurance policy for a specific purpose, such as collateral to secure the payment of a particular obligation, cannot be extended to any other. Masonic Savings Bank v. Bangs' Adm'r, 84 Ky. 135, 4 Am. St. Rep. 197. But there is no reason why if the parties so provide it cannot be made to secure all existing obligations of the assignor to the assignee. Ward v. Ward, supra; National Bank of Kentucky v. Gallagher, 243 Ky. 740, 49 S. W. (2d) 1006.

The word "any" is very broad and general and has a diversity of meaning, depending upon the context and subject matter of the instrument in which it is used. It is often used in the sense of "every" or 'all." Sometimes to make such meaning clear, it is expressed "any and all." We think it is clear that such was the purpose of its use in the phrase "any indebtedness" in the

assignment of the policy of insurance. It would not make sense otherwise.

The term "the amount of any indebtedness" itself excludes selection or designation. Crummies Creek Coal Company v. Napier, 246 Ky. 569, 55 S. W. (2d) 339. As a simple, general word and term, there was no occasion to have recourse to any other means of interpretation (71 C. J. 22; Lake County v. Rollins, 130 U. S. 662, 9 S. Ct. 651, 32 L. Ed. 1060) as might be necessary or proper where a word or term has a peculiar trade or professional meaning. The acceptance of parol evidence as to whether the assignment was limited to one debt or to all debts offended that rule. See Wilson v. Popham, 91 Ky. 327, 51 S. W. 859; Thomas' Executrix v. Thomas' Guardian, Ky., 110 S. W. 853; City-of Covington v. Cincinnati, C. & R. R. Co., 144 Ky. 646, 139 S. W. 854.

The appellees have urged that the parol evidence must be considered irrespective of its incompetency because the appellant, as defendant, did not file exceptions to the depositions and thereby waived any right to question its admissibility. Anglo-American Mill Company v. Phillips, 236 Ky. 245, 32 S. W. (2d) 994. The answer to the argument is found in 20 Am. Jur., Evidence, Section 1100, as follows:

"The rule which denies effect to an oral agreement which contradicts a written contract entered into at the same time or later is not one merely of evidence, but is one of positive or substantive law founded upon the substantive rights of the parties."

This is because, as we have already stated, there was an integration of all the preliminary and contemporaneous negotiations in the written instrument, and it became the repository of the final understanding and the measure of the parties' rights as a matter of substantive law. Annotations, 92 A. L. R. 810.

We are of opinion that the court should have construed the contract of assignment as including and securing the indebtedness of the assignors to Olney Johnson, have ascertained the net amount, and rendered judgment accordingly.

The judgment is reversed for consistent proceedings.

Whole Court sitting.