**MURPHY, Appellee, v. MURPHY, Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6966.   Decided November 1, 1948.

Charles B. Terry, Fred L. Hoffman, Cincinnati, for appellee.
Carl Markley, Louis J. Stricker, Cincinnati, for appellant.

## OPINION

By MATTHEWS, PJ.:

This cause comes before the court upon appellee's motion to dismiss the appeal on the ground that the appellant was an incompetent, having been declared such by the Probate Court of Hamilton County, and, for that reason, lacked the capacity to prosecute this appeal.

This is an action for divorce and alimony. We learn from the petition that the defendant Joseph H. Murphy had been declared an incompetent by the Probate Court of Hamilton County, and that plaintiff, Margaret Murphy was appointed as his Guardian and was still acting as such. The plaintiff as Guardian was joined with Joseph H. Murphy, her ward and husband, as defendants.

Thereafter, Joseph H. Murphy, on his own behalf, filed an answer admitting that plaintiff had been appointed and was acting as his guardian, as alleged, and that she had title to the real estate described in the petition, and then denied all other allegations in the petition. He also filed a cross-petition, alleging various acts of wrongdoing by the plaintiff, but did not seek a divorce for such misconduct. The prayer of his cross-petition was that he be restored to his business and the equipment and real estate used in connection therewith, and for a fair and reasonable division of the other property.

Thereafter, a trustee was appointed to represent the defendant Joseph H. Murphy in the action. The trustee filed no answer and so far as the record shows was not present at the trial. Seven months after the trial, he filed a "report" nunc pro tunc as of the date of trial. The record does not show that this report was brought to the attention of the court at the trial. This report shows that the trustee made a thorough investigation of the facts, but does not show that he ever conferred with the defendant, and the report bears none of the indicia of an answer. From this report, however, we learn that the appointment of the plaintiff as guardian was based on a finding that the defendant was an habitual drunkard. We also learn therefrom that, later, the plaintiff filed an affidavit in the Probate Court averring that the defendant was mentally ill. On hearing of this charge, the physicians found that the defendant was not mentally ill, not epileptic, and not feeble minded. As a result of this finding, the court dismissed the proceeding, but the guardianship based on the finding that he was an habitual drunkard was not vacated.

The phrase "habitual drunkard" is defined by §10507-1 GC, as any person, who by reason of habitual drunkenness is in-

capable of taking proper care of himself or of his property. The statute treats incompetency, resulting from drunkenness in the same way that it treats incapacity resulting from mental disability. So long, therefore, as the guardianship, based on the finding of habitual drunkenness, continues, we must assume that the defendant is incapable of properly taking care of himself or of his property.

There is no doubt that the plaintiff by virtue of her appointment as guardian became charged with the duty, inter alia, of protecting and controlling the person of the defendant and, when, for his best interest, of bringing suits in his behalf. **Secs. 10507-15** and **10507-16 GC.** Her duty precluded her from taking an antagonistic position under any circumstances. Having, however, done so, the question presented by this motion is how the ward can protect himself from such hostile attitude. Has he the legal capacity to prosecute an appeal in his own proper person?

By §11247 GC, it is provided that: "The action of an insane person must be brought by his guardian," and by §11249 GC, "The defense of an insane person must be by his legally appointed guardian, except that if" "he has an adverse interest, by a trustee for the suit appointed by the court." The trustee is required to be sworn to faithfully discharge his duties.

In 28 Am. Jur., 738, it is said:

"Although subject to certain exceptions hereinafter noted. as a general rule, where the alleged insane party has been adjudged incompetent, and a conservator, guardian, or committee has been appointed for him, he may not institute an action in his own name or by a next friend, but such action must be commenced by the conservator, guardian, or committee."

And, at page 739, after noting that where there is a conflict between the interest of the ward and the guardian, in some jurisdictions, an action is permitted by the ward by his next friend, the text continues: "Other courts, however, refuse to recognize the right of an insane person to bring suit by a next friend, although the interests of the insane person and the guardian are antagonistic. In such jurisdictions, action must be instituted in the court in which the original guardian was appointed, asking for the removal of such guardian and the appointment of another." See, also: Isle v. Cranby (199 Ill. 39) 64 L. R. A. 513, and annotation where cases are collected and classified.

Ohio seems to be in the list requiring actions to be prosecuted by the duly appointed guardian, so long as the court appointing him permits him to continue to act. In **22 O. Jur., 86,** it is stated:

"In Ohio the statute requires that 'the action of an insane person must be brought by his guardian.' The effect of this statute on the right of an insane person to sue by a next friend is obvious if a legal guardian has been appointed. The Ohio supreme court has held that an action to recover property belonging to an imbecile must be brought by guardian, and not by the next friend, since the guardian is responsible to the court for his conduct, and the next friend is responsible to no one. If the legal guardian is neglecting to bring an action to recover the property of his ward, the probate court should, upon motion and a showing of that fact, remove such guardian and appoint another who will bring the proper action."

The only case cited in support of the text is **Row v. Row, 53 Oh St, 249.** So far as we have been able to discover it is the only Supreme Court case on the subject. It fully supports the text.

In this case the ward was in the position of a defendant as to plaintiff's petition and of a plaintiff as to his cross-petition. If an action could be maintained only by the guardian, it would seem to follow that the guardian should represent the ward when he files a cross-petition.

Our conclusion is that this motion to dismiss must be sustained. If, as we find the law of Ohio to be, after an adjudication of incompetency and the appointment of a guardian, the ward must prosecute actions through his duly appointed and acting guardian, and not through a next friend or trustee for the suit, by all the stronger reasons he cannot prosecute an appeal in his own person without the intervention of either.

As we view the law of Ohio on this subject, when a duly appointed guardian takes an antagonistic attitude toward the ward and institutes an action against the ward to assert some personal right against him, all proceedings in such action should be postponed until the court having jurisdiction to appoint and remove the guardian has exercised that jurisdiction by removing the disloyal guardian and appointing a successor who will, without any divided loyalty, represent the ward in the pending litigation.

For these reasons, the motion to dismiss this appeal is sustained.

MATTHEWS, PJ, & HILDEBRANT, J, concur in syllabus, opinion & judgment.

ROSS, J, concurring:
I concur in the syllabus and the entire opinion of my associates.

At the risk of a charge of obiter dictum, I think it should be stated that from the opinion of the court it is manifest that the judgment of the trial court is absolutely void as far as the incompetent defendant is concerned, and that if the plaintiff should remarry, she would be guilty of bigamy.