## Hicks v. Steele et al.

March 25, 1949.

King & Flournoy, Earl F. Schmadel and John H. Jennings for appellant.

Pentecost & Dorsey for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

On July 10, 1947, appellant, at the time nineteen years of age and married, filed her petition seeking damages of V. J. Steele and John Nourse for personal injuries received in an automobile collision oc-

curring June 29, 1946. She alleges that the accident, resulting in severe injuries to her, was due to negligent operation of appellee's truck, at the time being driven by Nourse.

Defendants filed joint answer denying all affirmative allegations of the petition and following pleas of negligence on the part of plaintiff and the driver of the car in which she was riding, plead limitation; that while plaintiff alleged that her injuries were received June 29, 1946, action was not instituted until July 10, 1947. In an amended answer defendants admitted the allegation that plaintiff was nineteen years of age at the time of filing her petition. Plaintiff's demurrer to the answer as amended was overruled. Plaintiff declining to plead further the court dismissed the petition and granted appeal.

Arguments presented in briefs disclose that the court held the plea of limitation a complete bar, and that ruling presents the question as stated by counsel for appellant: "Can an infant married woman bring a suit to recover for personal injuries sustained by her while an infant within one year after attaining her majority?" Stated otherwise, the question is whether the fact that appellant, an infant married woman, failed to institute action within one year from the date of her injury, bars the action?

Section 34 of the Civil Code of Practice provides that a wife may sue alone unless of unsound mind or imprisoned. The disability of infancy is conspicuously omitted from this section. Section 35 of the Civil Code provides in part:

"Action; by whom brought. Excepting married women—

"1. The action of a person who is under disability must be brought by his guardian, curator, or committee * * *.

"3. The action of an infant, or of a person of unsound mind, who resides in this State, and who has no guardian, curator, or committee residing herein, * * * may be brought by his next friend."

In Snedager v. Kincaid, 22 Ky. Law Rep. 1347, 60 S.W. 522, we held that an infant married woman could

in her own name maintain an action against her husband for alimony or divorce. This holding was reaffirmed in Herr v. Humphrey, Judge, 258 Ky. 270, 79 S.W.2d 965, 966, where it was further established that the plaintiff infant wife had the right to have a guardian ad litem appointed to defend for the defendant infant husband. In so holding the court said:

"It is suggested that there is no reason for distinction between male infants and female infants, and that the Code provisions should be construed according to their spirit and not their letter.

"It is difficult to perceive why an infant married woman, whose husband is also an infant, should be put on a plane different from that of an infant married man. But, however that may be, it must not be overlooked that the Legislature saw proper to except only married women from the Code provisions requiring the appointment of a guardian ad litem, and where that is done by clear and unambiguous language it is not the province of the courts to introduce other exceptions by construction. Hawley Coal Co. v. Bruce, 252 Ky. 455, 67 S.W.2d 703."

On the closely related matter of defenses, by persons under disability, Section 36 of the Code provides in part:

"Excepting married women, if a defendant, who is under disability and who is summoned in this State, have a defense—

"1. Infant or person of unsound mind. That of an infant or person of unsound mind must be made by his guardian or committee, or by a guardian at litem. * * *

"3. Defense for before judgment against; practice. No judgment shall be rendered against an infant—other than a feme covert—nor against a person of unsound mind, who is summoned in this State, until the regular guardian, or committee, or guardian ad litem of such defendant shall have made defense * * *."

The language of this section could scarcely be more explicit. By it the necessity for appointing a guardian ad litem to defend a suit brought against an infant married woman is expressly excepted. This principle

was clearly expressed in Shlenker v. Clark, 226 Ky. 665, 11 S.W.2d 725, Civil Code, Section 391 provides: "An infant—other than a married woman—may, within twelve months after attaining the age of twenty-one years, show cause against a judgment * * *."

Infant married women are excepted from the saving clause of that section. Eversole v. First National Bank, 136 Ky. 362, 124 S.W. 360, 361; Shlenker v. Clark, supra. The language of the Code led the court to say in the Eversole case "Married women when sued are, under the Code, treated as other litigants, although they may be infants; the reason apparently being that they have husbands to protect their interests. The matter is controlled by the statute, and we have no discretion but to enforce it."

Prior to 1934 Kentucky Statutes, Sec. 2525 read: "Disability; time allowed persons laboring under to bring action.—If a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was, at the time the cause of action accrued, an infant, married woman, or of unsound mind, the action may be brought within the like number of years after the removal of such disability or death of the person, whichever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued."

By virtue of this section, we held that the statute of limitations did not run against a married woman in spite of the fact that the Weissinger Act of 1894, Acts 1894, c 76, permitted her to sue and be sued. Henson et al. v. Culp, 157 Ky. 442, 163 S.W. 455; Higgins v. Stokes, 116 Ky. 664, 76 S.W. 834, 3 Ann.Cas. 816. However, the Legislature in 1934 amended Sec. 2525, K.S. by eliminating the words "married woman." 1934 Acts of the General Assembly, Chapter 44, page 150, now 413.170, KRS.

In view of the cases heretofore cited, construing the Code provisions, supra, governing the institution and defense of actions by married women, we are forced to the conclusion that the Legislature disallowed infant married women the right to postpone action by a claim of the disability of infancy. The burden should follow the right. Appellant had a year in which to bring her

action in her own name. Her right and remedy being complete, her right of action was of the class against which the one year statute of limitations runs. Watts v. Chreste, 270 Ky. 407, 109 S.W.2d 803; City of Covington v. Patterson, 191 Ky. 370, 230 S.W. 542; Harlan v. Buckley, 268 Ky. 148, 103 S.W.2d 946.

In conclusion it may be said that the claim to exemption is against the current of the law and not coextensive with its effective provisions. Doubt must be resolved against one relying upon exemption. The exempting provisions of a statute are strictly construed against one asserting relief thereunder, because they are designed to put an end to strife and litigation, and tend to the security of all men. Louisville & N. R. R. Co. v. Sanders, 86 Ky. 259, 5 S.W. 563, 9 Ky.LawRep. 690; Conyers, v. Keenan, 4 Ga. 308, 48 Am.Dec. 226; Clarke v. Bank, 10 Ark. 516, 52 Am.Dec. 248.

Judgment affirmed.

Judge Helm dissenting.