## Mangrum v. Mangrum.

May 6, 1949.

Farland Robbins for appellant.

L. R. Smith for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

M. A. Hobbs, suing as the next friend of his daughter, Hattie Patricia Hobbs Mangrum, brought this action against Robert Louis Mangrum to annul the marriage of his daughter and the defendant which was solemnized in Mississippi. It was alleged in the petition as amended that Hattie Patricia Hobbs was 13 and Robert Mangrum was 16 years of age when they were married in Mississippi on May 22, 1948, and that they were married without the consent of his or her father, mother, guardian or any other person having lawful charge of their persons or the person of either of them.

It was further alleged that the marriage was void or voidable, and had not been ratified by cohabitation after the wife reached the age of 14, and the plaintiff asked that the marriage be set aside and declared null and void and of no effect. The defendant, husband, in his own behalf and by his guardian ad litem demurred specially to the petition because the plaintiff was without legal capacity to sue on behalf of the wife as her next friend, and the court sustained the demurrer. From the judgment dismissing the petition the plaintiff has appealed. It is appellant's contention that the marriage of a 13-year old girl, though valid in Mississippi, is against the public policy of Kentucky and may be annulled in an action brought by her next friend.

KRS 402.020 prohibits marriage where the male is under 16 or the female under 14 years of age. KRS 402.030 provides:

"Courts having general equity jurisdiction may declare void any marriage obtained by force or fraud or, at the instance of any next friend, may declare any marriage void where the male was under sixteen or the female under fourteen years of age at the time of the marriage, and the marriage was without the consent of the father, mother, guardian or other person lawfully having charge of his or her person and has not been ratified by cohabitation after that age."

It was under the latter statute that this action was brought.

At the time of the marriage Hattie Patricia Hobbs and Robert Mangrum were residents of Graves County, Kentucky, as were their parents. It is conceded that the marriage in Mississippi was valid there since the common-law rule that the marriage of a girl after she has reached the age of 12 years is valid has not been changed by statute in that state. Hunt v. Hunt, 172 Miss. 732, 161 So. 119. The question presented on this appeal as posed by appellant is:

"Does KRS 402.030 authorize Kentucky Courts to annul marriages of females under the age of 14 (or males under the age of 16) where both parties to the marriage are domiciliaries of Kentucky but the marriage ceremony was performed under the jurisdiction of an-

other state not having such ground of annulment for its own domiciliaries?''

KRS 402.040 provides that if any resident of this state marries in another state the marriage shall be valid here if valid in the state where solemnized. We have held that in view of this statute a marriage valid where it takes place is valid everywhere except where it is against the public policy of the domiciliary state. Damron v. Damron, 301 Ky. 636, 192 S. W. 2d 741; Gilbert v. Gilbert, 275 Ky. 559, 122 S. W. 2d 137. Has the Legislature declared that the marriage of a female under 14 years of age is against the public policy of this state? We think not. KRS 402.010 expressly declares void incestuous marriages. KRS 402.020 states that marriage is prohibited and void when at the time of marriage the male is under 16 or the female under 14 years of age. This section also prohibits and declares void bigamous marriages, marriage with an idiot or lunatic, marriage between a white person and a Negro, and a marriage not solemnized or contracted in the presence of an authorized person or society. Prior to 1928 the marriage age of females in this state was 12 years and of males 14 years. By Chapter 156 of the Acts of 1928, section 2097 of Carroll's Kentucky Statutes was amended by increasing these ages to 14 and 16, respectively. That the Legislature intended to make the marriage of a person of nonage voidable and not void, is evidenced by KRS 402.030, formerly section 2100 of the Kentucky Statutes. Sections 2097 and 2100 of the Kentucky Statutes were re-enacted at the 1942 session of the Legislature when the Kentucky Revised Statutes were adopted, and the two sections must be read and construed together. KRS 402.030 provides that courts having general equity jurisdiction may declare void a marriage which was contracted without parental consent before reaching the requisite statutory age and which has not been ratified by cohabitation after reaching that age. KRS 402.250 provides that where one of the parties was within the age of consent at the time of the marriage, the party who is of proper age may not bring a proceeding for annulment of the marriage against the party under age. These statutes indicate clearly that it was the intention of the Legislature to make the marriage of a person under the statutory age voidable only

and not void. Such a marriage is not even voidable in an action by a next friend where it was entered into with parental consent or has been ratified by cohabitation after the statutory age has been reached. The Legislature's recognition of the fact that a marriage under age may be ratified by later cohabitation shows that it did not intend the marriage should be void ab initio. In Crummies Creek Coal Corporation v. Napier, 246 Ky. 569, 55 S. W. 2d 339, it was said that when section 2097 of the Kentucky Statutes, now KRS 402.020, is interpreted in connection with and in the light of the language of sections 2100 and 2115, now KRS 402.030 and KRS 402.250, it is plain that a marriage in violation of KRS 402.020 (5) is not void but merely voidable. If the Legislature had intended to declare such a marriage against the public policy of the state, it would have made it absolutely void regardless of the place where the marriage ceremony was performed. The marriage in the instant case being voidable only if it had been contracted in this state, KRS 402.040 controls. That statute reads:

"If any resident of this state marries in another state, the marriage shall be valid here if valid in the state where solemnized."

It follows that M. A. Hobbs, as next friend of his daughter, was without authority to maintain an action for annulment, and the court properly sustained the special demurrer to the petition.

Judgment is affirmed.