## Williamson et al. v. Carr-Consolidated Biscuit Co.

June 6, 1950.

Roscoe Conkling, Judge.

Woodward, Hobson & Fulton for appellants.

Davis, Boehl, Viser & Marcus, Joseph A. Stopher, and A. J. Deindoerfer for appellee.

Judge Cammack—Affirming.

This is a personal injury action instituted by an infant married woman in which the judgment must be

affirmed, if we adhere to our ruling in the case of Hicks v. Steele, 309 Ky. 833, 219 S.W.2d 35.

In the Hicks Case we held that a plea of limitation, as was made in the case before us, was good because the infant married woman failed to institute her action within one year after the date of her injury. The decision was based upon cases interpreting Sections 35, 36 and 391 of the Civil Code of Practice, which govern the institution and defense of actions by married women, and also upon the elimination of the words "married woman" from Section 2525 of the Kentucky Statutes in 1934. That section is now KRS 413.170.

We have re-examined the opinion in the Hicks Case, and, while there are good arguments in support of the contentions of the appellant that the opinion should be overruled, we believe the opinion is correct. The question is one which addresses itself primarily to procedural legislation. Married women have long been treated as a separate class by the Legislature, and, as pointed out in Terrell v. Maupin, 26 Ky. Law Rep. 1203, 83 S. W. 591, the Legislature has the power to enact a general statute applicable to all of the class. Since the decision in the Hicks Case there has been a session of the Legislature, and, so far as we know, there was no attempt made at that time to modify the effect of the decision.

Judgment affirmed.

Judge Helm dissenting.