**Patsy Clay Marcum WENNEKER et al., Appellants,**

**v.**

**Georgiabel Bishop BAILEY, Appellee.**

Court of Appeals of Kentucky.

July 2, 1965.

Robert H. Helton, Jr., Brown, Tooms & Helton, London, for appellants.

Clay M. Bishop, Roy W. House, Manchester, for appellee.

PALMORE, Judge.

The appellee, Georgiabel B. Bailey, was injured in an automobile accident in 1955, at which time she was 14 years of age and unmarried. She married in 1960 at the age of 19. Two years later, in 1962, and within one year after attaining the age of 21, she brought this action for her personal injuries arising out of the 1955 accident. The defendants pleaded limitations, KRS 413.140, and thereafter at proper times during the proceeding made motions for summary judgment, directed verdict, and judgment n. o. v., all of which were overruled. They appeal from a judgment entered pursuant to a jury verdict awarding the appellee $3,000.

To sustain this judgment would require us to overrule Hicks v. Steele, 309 Ky. 833, 219 S.W.2d 35 (1949), which the court specifically declined to do in Williamson v. Carr-Consolidated Biscuit Co., 313 Ky. 235, 230 S.W.2d 917 (1950). The question was discussed fully in Hicks v. Steele, and it would serve no useful purpose to repeat what can be found in that opinion. The provisions with respect to married women then contained in §§ 34, 35 and 36 of the Civil Code are today preserved in KRS 404.060 and in CR 17.02 and CR 17.03. What was then § 2525 of the Kentucky Statutes has been carried into KRS 413.170. The basic arguments on the issue of whether the unqualified term "infant" in the latter statute includes or should be construed

to include a married infant are still the same. As an original proposition the question might well have been decided either way, but it has been laid to rest too long to resurrect it now.

The cause is reversed with directions that a judgment be entered dismissing the complaint.