No. 46,003

SANDRA S. GIFFORD, *Appellee*, v. SANDRA K. SAUNDERS, *Appellant*.

(485 P. 2d 195)

Opinion filed May 15, 1971.

*Ronald G. Hinkle,* of the firm of Haskin, Noonan, McGee and Hinkle, of Olathe, argued the cause and was on the brief of appellant.

*Lawrence G. Zukel,* of Overland Park, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: This is an interlocutory appeal from an order denying defendant's motion for summary judgment based on the grounds that plaintiff-appellee failed to bring her tort action within the time allowed by the applicable statute of limitations.

On August 9, 1964, plaintiff-appellee (Sandra S. Gifford, then Sandra S. Crotchett) was injured in an accident while occupying an automobile driven by defendant-appellant (Sandra K. Saunders, then Sandra K. Brownlee).

Plaintiff at the time of the accident was a single, minor, female. She was born on October 22, 1947. She filed this action on October 15, 1969, seven days before attaining the age of twenty-two years.

In her answer defendant alleged that plaintiff was married on January 22, 1966, and attained the age of majority on that date.

Defendant alleged that since plaintiff failed to file her cause of action within two years after the date of her marriage her cause was barred under the applicable provision of K. S. A. 60-513 [now 1970 Supp.].

Defendant filed a motion for summary judgment on the ground that plaintiff's action was barred by the statute of limitations and attached an affidavit setting out the date of plaintiff's marriage, with a certified copy of plaintiff's marriage certificate attached.

The trial court denied defendant's motion, ruling that the marriage of plaintiff after her cause of action arose and prior to her attaining the age of twenty-one years did not affect the running of the statute of limitations and thus plaintiff was not required to bring her action within one year of the date of her marriage, or within two years from the time the cause of action arose, whichever is longer.

The issue on appeal is accurately stated by the trial court in its certification of the question as a proper subject to be resolved by interlocutory appeal:

"Does the marriage of Plaintiff after a cause of action arises and prior to Plaintiff's attaining the age of 21 affect the running of the statutes of limitations so as to require Plaintiff to bring her cause of action within 1 year from the date of marriage or within 2 years from the time the cause of action arose, which ever is longer?"

The two year limitation in which the actions enumerated in 60-513 may be brought is tolled by the provisions of K. S. A. 1970 Supp. 60-515 (a) which read:

"If any person entitled to bring an action, other than for the recovery of real property or a penalty or a forfeiture, at the time the cause of action accrued, or at any time during the period the statute of limitations is running, *be within the age of twenty-one (21) years,* or an incapacitated person, or imprisoned for a term less than his natural life, such person shall be entitled to bring such action within one (1) year after such disability shall be removed, but no such action shall be maintained by or on behalf of any person under the disabilities specified after twenty-two (22) years from the time the cause of action shall have accrued." (Emphasis supplied.)

Notwithstanding the express provision of 60-515 (a), that the running of the statute is tolled with respect to any person "within the age of twenty-one years," defendant claims the tolling of the statute was terminated under the provisions of K. S. A. 1970 Supp. 38-101 by the marriage of plaintiff.

K. S. A. 1970 Supp. 38-101 reads:

"The period of minority extends in males and females to the age of twenty-

one (21) years: *Provided,* That every person eighteen (18) years of age or over who is or has been married, shall be considered of the age of majority in all matters relating to contracts, property rights and liabilities, and the capacity to sue and be sued."

We cannot agree with the position taken by defendant.

K. S. A. 1970 Supp. 60-515 is a part of Article 5—Limitations of Actions—of our Code of Civil Procedure. The scope of the article is unequivocally set forth in K. S. A. 60-501 which reads:

"The provisions of this article govern the limitation of time for commencing civil actions, except where a different limitation is specifically provided by statute."

It is readily seen that the limitation of time for commencing civil actions is exclusively governed by the provisions of Article 5, except where a different limitation is specifically provided by a statute. By no stretch of the imagination can 38-101 be considered a statute specifically providing for a different limitation.

K. S. A. 1970 Supp. 38-101 is the initial section of Chapter 38 dealing with infants. It defines the period of minority and the effect of marriage on a person eighteen years of age. It confers the capacity to sue and be sued on such a person. It does not specifically or otherwise prescribe a limitation of time for commencing any civil action.

The notes of the Advisory Committee in Gard, Kansas Code of Civil Procedure Annotated, § 60-501, read:

"This article is intended to be complete in scope, but it must be recognized, without enumeration, that there are, scattered through other statutes covering substantive law, specified limitations which are not to be disturbed." (p. 516).

See, also, 5 Vernon's Kansas Statutes Annotated, Code of Civil Procedure, § 60-501, p. 2.

The scope of Article 5 was considered by this court in the recent case of *In re Estate of Wood,* 198 Kan. 313, 424 P. 2d 528, wherein the nonclaim statute of the Probate Code (K. S. A. 59-2239) was held to be a statute of limitation and within the purview of the exception expressed in 60-501, *supra.* In that case it was said:

"Article 5 of the code of civil procedure dealing with limitations of actions contains twenty-one separate sections relating to various types of claims and special groups of individuals such as those under legal disability. The first section of the article, K. S. A. 60-501, provides that the article shall govern the limitation of time for commencing civil actions, *except where a different limitation is specifically provided by statute.* This leads us to the question of whether the nonclaim statute, K. S. A. 59-2239, is a statute of limitations as contemplated in the above exception. We believe it is. . . ." (p. 316.)

Applying the rationale of *In re Estate of Wood,* supra, to the instant case, the import of 38-101 is to confer rights of majority and capacity to sue upon certain conditions. It is not a statute of limitation and thus is not within the purview of the exception expressed in 60-501.

As an integral part of Article 5, and under the declaration of scope in 60-501, section 60-515, *supra,* exclusively governs the tolling of the statute with respect to persons under legal disability. The specifically declared disability of being within the age of twenty-one years, under the literal meaning of the statute, can be removed only by attaining the age of twenty-one years. Marriage, under the terms of 38-101, may bestow rights of majority on a person but it does not alter his age. K. S. A. 1970 Supp. 60-515 speaks only to the disability of being within twenty-one years of age, no reference is made to either minority or majority.

K. S. A. 60-515 [now 1970 Supp.], was enacted as a part of the new Code of Civil Procedure and became effective January 1, 1964. It replaced G. S. 1949, 60-307, the prior tolling statute. Relative to the issue here, the only change of importance was that legal disabilities were specifically spelled out; whereas only the phrase "any legal disability" appeared in 60-307. In 1965 K. S. A. 60-515 was again before the legislature when the present phrase "an incapacitated person" was substituted for the word "insane" in order to conform the section to new terminology in another act relating to mentally ill persons.

We think it worthy to note that the tolling statute has twice been subjected to legislative scrutiny in recent years and no proviso or exception has been made with respect to the effect of the condition of marriage on the disability of being within the age of twenty-one years. Other states have seen fit to insert an exception of marriage in their tolling statutes. As an example see *Hicks v. Steele,* 309 Ky. 833, 219 S. W. 2d 35.

While, as we have noted, this court was called upon to consider the scope of Article 5 in *In re Estate of Wood,* supra, the precise question presented here is one of first impression. This fact was recognized by United States District Judge Templar, when confronted by the identical question, in *Edmonds v. Union Pacific Railroad Company,* 294 F. Supp. 1311. Judge Templar ruled that insofar as 60-515 (*a*), supra, is concerned "a person in Kansas remains a minor as long as she is within the age of 21 years" and correctly

forecast that should the proposition be submitted to this court, we would follow what appears to be the majority rule and reach the same conclusion.

In his memorandum decision, Judge Templar notes that he has examined cases contained in the annotation in 91 A. L. R. 2d p. 1272, and finds that other jurisdictions have adopted conflicting rules on the issue. He concludes, however, that by far the greater number support the conclusion that the disability is not terminated by marriage. Defendant's counsel takes issue with Judge Templar on this point. He asserts that most of the cases referred to deal primarily with the proposition of merging or tacking the disability of coverture or marriage upon the disability of infancy and extending the tolling of limitations throughout the course of both disabilities. It is true that most of the cases listed in the pertinent section of the annotation (91 A. L. R. 2d, § 2, p. 1273) deal with double disability, but our examination reveals that, even though the second disability of coverture, when appended to a disability age was usually stricken, the disability of infancy was either by implication or express ruling held not to be terminated by a marriage. We believe Judge Templar correctly characterized the rule followed as the majority rule.

We believe the reported case preceding the annotation mentioned, *Tavernier v. Weyerhaeuser Company*, (9th Cir. 1962), 309 F. 2d 87, 91 A. L. R. 2d p. 1268, is squarely in point. It is one of the few recent cases dealing with the subject. In that case the United States Circuit Court of Appeals, Ninth Circuit, was confronted with the identical question with respect to the effect of the Oregon statutes which substantially parallel our own. The identical language "within the age of 21 years" is found in the Oregon tolling statute (ORS 12.110) with respect to the effect of marriage. ORS 109.520 provides in pertinent part:

". . . all persons shall be deemed to have arrived at the age of majority upon their being married according to law."

The court held the statutory tolling of the statute of limitations, against the cause of action of a person within the age of 21 years, is not affected by the marriage of such person before reaching the age of 21, notwithstanding the other statutory provision. While a considerable portion of the opinion is devoted to a discussion of Oregon statutes dealing with age of minority, with respect to the tolling statute (ORS 12.110) the court concludes:

". . . In the case before us, appellant does fall within its 'plain import.' He is 'within the age of 21 years.' When the tolling statute says, with no exceptions, 'within the age of 21 years,' we think that all persons within that age should be entitled to rely upon its plain import, rather than required to read it as if it said 'within the age of majority.' . . ." (p. 90.)

The trial court correctly ruled that plaintiff's cause of action is not barred by the applicable statute of limitations. The order denying defendant's motion for summary judgment is affirmed. The case is remanded for further proceedings.

It is so ordered.

SCHROEDER, J., dissenting: The provisions of K. S. A. 1970 Supp. 38-101 are clear and unambiguous. The section reads:

"The period of minority extends in males and females to the age of twenty-one (21) years: *Provided,* That *every person eighteen (18) years of age or over who is or has been married, shall be considered of the age of majority in all matters relating to* contracts, property rights and liabilities, and *the capacity to sue and be sued."* (Emphasis added.)

It specifically declares persons eighteen years of age or over who are or have been married shall be considered of the age of majority in matters relating to the capacity to sue and be sued.

The extended discussion undertaken by this court to explain away this language is not convincing.

It is respectfully submitted a statute such as 38-101, *supra,* cannot so lightly be written out of the statute books. In my opinion the defendant's motion for summary judgment should have been sustained.

FONTRON, J., joins in the foregoing dissent.