PACE, APPELLEE AND CROSS-APPELLANT, *v.* PACE, APPELLANT AND CROSS-APPELLEE. ▪

(No. 85AP-1016—Decided June 19, 1986.)

*Handleman & Kilroy* and *Mary J. Kilroy,* for John W. Pace.

*A. Patrick Hamilton,* for Ingrid G. Pace.

QUILLIN, J. Defendant, Ingrid G. Pace, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations. Plaintiff, John W. Pace, has filed a cross-appeal.

The trial court granted plaintiff-husband a divorce despite the fact that a Texas court had previously adjudged him an incompetent and had appointed defendant-wife as his guardian. Because the Texas judgment is entitled to full faith and credit, we reverse and remand.

A court in El Paso County, Texas, found the plaintiff to be incompetent in April 1984. The Texas court appointed defendant as his legal guardian. This appointment presumably continued to be in effect throughout the entire period of these proceedings.

On January 30, 1985, plaintiff brought suit for divorce in his own name in Franklin County, Ohio. Defendant moved to dismiss the action, contending that, as an incompetent, plaintiff could not maintain the action. Defendant also argued that the trial court could not make its own determination of competency but was bound to give full faith and credit to the Texas decree. The trial court overruled the motion to dismiss and held a hearing to determine plaintiff's competency. The trial court found plaintiff to be competent and, after a hearing on the merits, granted him a divorce. Defendant appeals from the trial court's having allowed the action to proceed and its failure to award her alimony should jurisdiction be proper. Plaintiff also filed a cross-appeal which challenges various substantive aspects of the divorce decree.

Defendant's first three assignments of error read as follows:

"I. The lower court erred in finding that the plaintiff was not incompetent.

"II. The lower court erred in failing to accord full faith and credit to the Texas adjudication that plaintiff is incompetent.

"III. The lower court erred in holding that it had in personam jurisdiction over the defendant and the plaintiff."

In Ohio, an incompetent ward cannot maintain an action in his own name as long as the adjudication of incompetency continues but, instead, must be represented by his guardian. *Murphy* v. *Murphy* (1948), 85 Ohio App. 392, 40 O.O. 254, 87 N.E. 2d 102; 53 Ohio Jurisprudence 3d (1984) 66, Guardian and Ward, Section 62. For an example of a divorce action brought by a guardian, see *Boyd* v. *Edwards* (1982), 4 Ohio App. 3d 142, 4 OBR 234, 446 N.E. 2d 1151. Nor may a ward sue his own guardian while the relationship continues. 53 Ohio Jurisprudence 3d, *supra*, Section 219, at 212. Defendant contends that the trial court erred by allowing plaintiff to maintain an action for divorce in light of the Texas court's adjudication of incompetency. We agree. The judgment of another state's court as to the imposition of a guardianship is entitled to full faith and credit under the Constitution of the United States. *Toledo Trust Co.* v. *National Bank of Detroit* (1976), 50 Ohio App. 2d 147, 4 O.O. 3d 125, 362 N.E. 2d 273. Therefore, the trial court erred in making its own determination of plaintiff's competency to bring the action. Accordingly, defendant's first three assignments of error are sustained.

Defendant's fourth assignment of error reads as follows:

"IV. If the lower court is found to have had jurisdiction, the lower court abused its discretion in not awarding alimony necessary for the support of the wife."

Plaintiff asserts four assignments of error on cross-appeal (although not so designated), which read as follows:

"I. The divorce decree was inequitable and unreasonable where the child support order exceeded the monthly expenses for the children, where the social security disability payments and the wife's income and earning ability were not given sufficient weight, where the wife was awarded all of the assets of the marriage and her attorney's fees as costs, where the court ordered a change of beneficiaries on the government life insurance policies, and the husband was a totally disabled veteran.

"II. The trial [*sic*] erred in failing to make a complete distribution of property.

"III. The lower court's order regarding the beneficiaries to his government insurance policies is contrary to federal law and the United States Constitution.

"IV. The court exceeded its authority in ordering the Veterans Administration to withhold child support payment and in making orders regarding the payment of child support out of disability benefits."

Both defendant's fourth assignment of error and all of plaintiff's cross-assignments of error deal with substantive aspects of the divorce decree and are rendered moot by our disposition of defendant's first three assignments of error and, therefore, are overruled.

For the foregoing reasons, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

McCormac and Norris, JJ., concur.

Qulllin, J., of the Ninth Appellate District, sitting by assignment in the Tenth Appellate District.