Robin HOLBERT, Plaintiff,

v.

Scott WEST, et al., Defendants.

Civ. A. No. 89–28.

United States District Court,
E.D. Kentucky,
Frankfort Division.

Feb. 2, 1990.

---

Gail Robinson and Kevin McNally, McNally & Robinson, Frankfort, Ky., for plaintiff.

Wm. C. Shouse & Donald W. Stanford, Lexington, Ky., Charles Hobson, Jim Boyd, Boyd, Watkins & Hart, Frankfort, Ky., James W. Taylor and Kenneth W. Smith, Lexington, Ky., for defendants.

## OPINION AND ORDER

BERTELSMAN, District Judge.

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that while housed in the Franklin County Jail as a minor, she was raped by the deputy jailer. This matter is before the court upon the defendants' motion for summary judgment. They contend that the action be dismissed because it is barred by the statute of limitations.

## FACTS

The relevant material facts in this matter are undisputed. Plaintiff was born on March 6, 1970. The alleged rape occurred on June 24, 1986, at which time she was sixteen years old. Plaintiff married Don Mattingly in Kentucky in a civil ceremony on June 12, 1987. Plaintiff was seventeen years old at that time; Mattingly was an adult. However, plaintiff represented to those issuing the marriage licence and performing the ceremony that she was nineteen years old on that date. The marriage license was recorded on June 15, 1987. (Holbert Depo., Ex. D–1).

Plaintiff and her husband were residents of Kentucky at the time of the marriage. In June 1987, within a week and a half after her marriage, plaintiff moved to Ohio without her husband. *Id.*, pp. 16–17, 29. Approximately one week after she moved to Ohio, guardianship proceedings were commenced to appoint a counselor as plaintiff's guardian. The counselor previously had been contacted by plaintiff and had given plaintiff permission to come live with her in Ohio. *Id.*, pp. 27–28. The guardianship proceedings were brought under the name of Robin Mattingly. The application was approved for filing noting that plaintiff's last name would be "corrected" from "Mattingly" to "Holbert." The counselor was appointed plaintiff's guardian on July 7, 1987, by the Ohio Probate Court of Hamilton County. (Doc. 55, Appendix III).

On March 6, 1988, plaintiff turned eighteen years old. During the summer of 1988, while still residing in Ohio, she returned to Frankfort, Kentucky and "remarried" her husband in a church ceremony there. (Holbert depo., p. 12–13.) Prior to her "remarriage," no one sought to have the first marriage declared void. She continued to reside in Ohio after the "remarriage." Plaintiff testified that her husband called her and visited her approximately once a month while she lived in Ohio, but the phone calls and visits were kept secret from her guardian. Plaintiff and her husband engaged in sexual relations on those occasions. *Id.* pp. 16–17, 29–31.

In November 1988, she returned to Kentucky and resided with her mother. She saw her husband every day while residing with her mother. Plaintiff testified that she and Mattingly saw each other as "husband and wife" on these occasions, but did not engage in sexual relations. *Id.,* p. 37–40.

After her return to Kentucky in November 1988, she returned to Ohio for criminal proceedings and was incarcerated. *Id.,* p. 42. Although it is not entirely clear from the record, plaintiff was incarcerated in Ohio either periodically or continuously from December 1988 to July 1989. *See id.,* pp. 7–10. While she was incarcerated the guardianship was terminated in February 1989. She filed this action on March 2, 1989.

## ISSUE AND ARGUMENTS

■ The issue presented in this matter is whether the one-year statute of limitations that governs this action was tolled on account of plaintiff's infancy from the date the cause of action arose to the date of her eighteenth birthday?[1]

Defendants argue that plaintiff's marriage was voidable under KRS 402.030. Because the marriage was never declared void and was subsequently ratified, plaintiff's "infancy" ended upon her marriage on June 15, 1987. Therefore, the one-year limitations period expired on June 15, 1988.

Plaintiff argues that the marriage was a nullity from the outset because her parents did not consent. Therefore, the statute of limitations was tolled until her eighteenth birthday because she was an "infant" until that time and the exception for "married infants" did not apply. She argues that because the action was brought within one year of the date of her eighteenth birthday, the action is timely under KRS 413.140. She also argues that the guardian appointment "implicitly" invalidated plaintiff's marriage since plaintiff signed her name as "Holbert" and since Ohio's guardianship statute does not contemplate appointing a guardian for minors who are married. Finally, plaintiff argues that even if the marriage is not found to be void, the tolling exception for married infants should not be applied under the circumstances of this case. She contends that the exception, as explained in *Hicks v. Steele,* 309 Ky. 833, 219 S.W.2d 35 (1949), is grounded on "chauvinist" underpinnings that distinguished between married males and females and that assumed the limitations period need not be tolled for infant wives because their husbands would protect their interests. Such gender based classifications violate the equal protection clause, she asserts.

## CONCLUSION

The court holds that plaintiff's complaint is barred by the statute of limitations because she failed to bring suit within one-year of her first marriage ceremony.

■ That plaintiff was a minor at the time of the marriage and married without the consent of her parents is of no consequence under the circumstances of this case. The marriage was not void from the outset as plaintiff contends. It is long-settled in Kentucky that underage marriages are merely voidable. KRS 402.020[2] pro-

---

1. Plaintiff's contention that Kentucky's five year "catch all" limitations period applies in § 1983 actions is without merit. The applicable statute of limitations is one year. *Hambrick v. Davies,* 711 F.Supp. 884 (E.D.Ky.1989); *see also Collard v. Kentucky Bd. of Nursing,* 896 F.2d 179 (6th Cir.1990).

2. KRS 402.020 provides in part:
   "(1) Marriage is prohibited and void:
   \*    \*    \*    \*    \*    \*
   (d) When at the time of marriage, the person is under eighteen (18) years of age, if the marriage is without consent of:
   1. The father or the mother of the person under eighteen (18), if the parents are mar-

ried, the parents are not legally separated, no legal guardian has been appointed for the person under eighteen (18), and no court order has been issued granting custody of the person under eighteen (18) to a party other than the father or mother;
   2. Both the father and the mother, if both be living and the parents are divorced or legally separated, and a court order of joint custody to the parents of the person under eighteen (18) has been issued and is in effect;
   3. The surviving parent, if the parents were divorced or legally separated, and a court order of joint custody to the parents of the person under eighteen (18) was issued

vides that if at the time of the marriage a person is under the age of eighteen and does not have the consent of his or her legal guardian, the marriage is "prohibited and void." KRS 402.030 provides that a state court of general jurisdiction "may" declare such marriages void.[3]

[redacted] Generally, the common law rule is that underage marriages of persons over the age of seven are not "void" or a nullity from the outset, but merely "voidable" and are valid until declared void by the court. In some states, even where a statute declares underage marriages "void," the statute is construed as rendering such marriages merely "voidable." 52 Am.Jur.2d, *Marriage,* §§ 14, 104–105 (1970). Kentucky is one such state. Despite KRS 402.-020 declaring underage marriages "void," these marriages are merely "voidable," and the marriage is valid absent a court declaration to the contrary. *Mangrum v. Mangrum,* 310 Ky. 226, 220 S.W.2d 406 (1949); *see also Beddow v. Beddow,* 257 S.W.2d 45 (Ky.1952).

[redacted] Plaintiff ratified the voidable marriage after her eighteenth birthday in two ways.

> "It is universally held that the marriage of a person under the age of consent, whether void or merely voidable at the time it is entered into, may be ratified and become completely valid and binding where the underage party reaches the age of consent. Although it has been said that such ratification must consist of some unequivocal and voluntary act, statement, or course of conduct after reaching the age of consent, many courts in practice require little proof of ratification in order to hold such a marriage valid."

52 Am.Jur.2d, *supra,* § 16. First, she "cohabitated"[4] with her husband during his monthly visits to Ohio by engaging in sexual relations with him. Second, she participated in a second marriage ceremony.

Remarriage in a second ceremony, like engaging in sexual relations, is unequivocal. Plaintiff makes no argument, and nothing in the record supports the inference, that the second marriage or engaging in sexual relations was other than voluntary. In Kentucky, ministers and priests of any denomination may solemnize the marriage, and such marriages are not invalid for lack of authority to solemnize if the parties believe the minister or priest had the authority to do so and believe they are lawfully married. KRS 402.050, 402.-060, 402.070. It is undisputed that plaintiff "remarried" her husband in the church ceremony and believes that marriage to be valid. (Holbert Depo., pp. 12–13). Plaintiff testified that although she prefers not to get divorced, she wants to obtain a divorce because her husband will not participate in marital counselling. *Id.,* pp. 38, 42.

[redacted] Plaintiff does not argue that her marital status was revealed to the counselor or to the Ohio court at any time during the guardian appointment proceedings. There is no evidence in the record to support this inference. Plaintiff cites no authority, and this court is unaware of any, that holds a knowing or unknowing appointment of a guardian for a married infant renders the marriage void. Instead, plaintiff cites *Pace v. Pace,* 32 Ohio App.3d 47, 513 N.E.2d 1357 (1986), as authority for the proposition that appointment of a

prior to the death of either the father or mother, which order remains in effect;
4. The custodial parent, as established by a court order which has not been superseded, where the parents are divorced or legally separated and joint custody of the person under eighteen (18) has not been ordered; ...."

3. KRS 402.030 provides in full:
"Courts having general jurisdiction may declare void any marriage obtained by force or fraud or, at the instance of any next friend, may declare any marriage void where the person was under eighteen (18) years of age at the time of the marriage, and the marriage was without the consent required by KRS 402.020(1)(d) and has not been ratified by cohabitation after that age."

4. "Cohabitation" is defined by Black's Law Dictionary (5th ed.1983) as follows: "To live together as husband and wife. The mutual assumption of those marital rights, duties and obligations which are usually manifested by married people, including, but not necessarily dependent on sexual relations."

guardian extinguishes plaintiff's ability to sue while a minor.

*Pace*, however, is distinguishable because it involved a plaintiff adjudicated incompetent. *Pace* holds that a foreign court's adjudication of a plaintiff as an incompetent and appointment of a guardian is entitled to full faith and credit under the federal constitution by the Ohio courts, and that wards cannot bring actions in their own names as long as the incompetency continues. Accordingly, *Pace* found that the trial court erred in making its own determination that plaintiff was competent to bring a divorce action in his own name.

In contrast, plaintiff's guardian was not appointed on the ground plaintiff was incompetent. Her guardian was appointed solely on the ground that plaintiff was a minor. (Doc. 55, Appendix III.) Under Kentucky law, plaintiff could have brought an action in her own name to have the marriage declared void regardless that a guardian had been appointed in Ohio, because mental disability and imprisonment are the exclusive circumstances in which a married woman must bring an action through a guardian or next friend. KRS 404.060 [5]; *see also* KRS 404.020 [6].

██ Neither plaintiff, her parents, nor a "next friend" sought to have plaintiff's marriage declared void prior to her eighteenth birthday or prior to the time she ratified the marriage after reaching the age of majority. *See Crummies Creek Coal Corp. v. Napier*, 246 Ky. 569, 55 S.W.2d 339 (1932). The Ohio proceedings did not void her marriage. Thus, nothing from the date of her marriage to the present changes plaintiff's status as a married woman. KRS 413.170 provides that statutes of limitation are tolled during infancy until that "disability" is removed. Rule 17.02 of the Kentucky Rules of Civil procedure provides that a "married man or a married woman, regardless of age, may sue or be sued as a single person who has reached majority." The statute of limitations is not tolled for married infants by virtue of their minority, and married infants must bring actions within the limitations period from the date of the marriage. *Wenneker v. Bailey*, 392 S.W.2d 453 (Ky. 1965); *Williamson v. Carr-Consolidated Biscuit Co.*, 313 Ky. 235, 230 S.W.2d 917 (1950); *Hicks v. Steele*, 309 Ky. 833, 219 S.W.2d 35 (1949).

Plaintiff's arguments that this court should hold the Kentucky Supreme Court would overrule *Hicks* today are unpersuasive. First, in *Williamson* and again in *Wenneker*, the Kentucky Supreme Court expressly declined to overrule *Hicks*. Second, despite whatever offensive underpinnings gave rise to the legislation specifically governing statutes of limitation and ability to sue for married women and married female infants, the civil rules no longer maintain gender-based distinctions in this regard. Rule 17.02.

In sum, the cause of action arose on June 24, 1986, and was tolled due to plaintiff's minority until her marriage on June 15, 1987. This action was not brought by June 15, 1988, or, in other words, within one year of that date. Instead, plaintiff commenced the action on March 2, 1989. Although the limitations period would be tolled for the time she was incarcerated,

---

5. KRS 404.060 provides:

**"Married women as parties to action**
(1) A married woman may sue, and be sued, as a single woman.
(2) She may defend an action against her and her husband for herself, and for him also if he fail to defend.
(3) If a husband desert his wife, she may bring or defend for him any action which he might bring or defend, and shall have the powers and rights with reference thereto which he would have had but for such desertion.
(4) If a female party to an action marry, her husband may be made a party by a motion, causing the fact to be stated upon the record; and the action shall not be delayed by reason of the marriage.
(5) But if a wife be adjudged mentally disabled, or imprisoned, the actions mentioned in subsections (1), (2) and (3), of this section must be prosecuted or defended by her guardian, conservator, or curator, if she have one and if she have none, must be prosecuted by her next friend, or defended by her guardian ad litem."

6. KRS 404.020(1) provides in part: "A married woman may ... sue or be sued as a single woman...."

KRS 413.310, *Hardin v. Straub*, —— U.S. ——, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989), she was not incarcerated until after the limitations period had run. Consequently, the action is untimely and barred by the one-year statute of limitations.

Accordingly, the court being advised,

IT IS ORDERED that the defendants' motion for summary judgment be, and it is, hereby granted. A separate Judgment shall enter concurrently herewith dismissing this action.