## PRATHER v PRATHER

Common Pleas Court, Hamilton Co
Division of Domestic Relations

Decided November 22, 1934

Harry Shafer, Cincinnati, for plaintiff.

Coleman Avery, Cincinnati, for defendant.

### OPINION

By HOFFMAN, CHAS. W., J.

On July 24, 1934 Sidney Scott Prather, an incompetent, by John D. Scott, guardian of his person and estate, filed a petition for divorce and alimony on the grounds of gross neglect of duty and extreme cruelty against his wife Maynette F. Prather. The petition states that the said Sidney Scott Prather was "adjudicated an incompetent by reason of mental disability and infirmity by the Probate Court of Hamilton County, Ohio, the John D. Scott through whom he brings this action was duly appointed the guardian of person and estate of the plaintiff, that

he is still the duly authorized and appointed guardian of this plaintiff."

On September 6, 1934, the defendant Maynette F. Prather entering her appearance solely for the purposes of the motion, moved the court to dismiss the petition on the following grounds:

1. The petition alleges that the plaintiff is an incompetent and has been so adjudged by the Probate Court of Hamilton County, Ohio.

2. The suit is filed not by the incompetent, but by John D. Scott, the guardian of his person and estate.

3. The plaintiff is not the real party in interest and has no right to sue for dissolution of the marital status.

Marriage is a personal and human relationship as well as an institution. It cannot be created except by the consent of the parties, and it is only by the consent and intelligent will of the parties that the status can be changed or altered and the marital union be dissolved.

The marriage of an insane husband or wife who has given no cause for divorce and who has become mentally incapacitated since the marriage, cannot be dissolved.

It is not possible to determine the will of an insane person in so personal a relationship as marriage. It is not the wrong, in itself, that works the dissolution of marital bonds, it is the will of the party aggrieved. He may desire to condone acts that may have been committed by the opposite party. For reasons of his own he may desire that the marriage relation continue. The guardian has no means or knowledge sufficient to conduct the will or direct the mental processes of the ward as a plaintiff in the hearing of a divorce case. "Can the guardian say that the wrongs charged against the defendant were not condoned by the ward previous to the adjudication of insanity?"

In all divorce cases the law implies the presence and the testimony of the plaintiff. His evidence and not the evidence of the guardian must be corroborated.

The doctrine that the guardian of an insane person cannot legally enter and

maintain a suit for divorce is abundantly sustained by decisions of courts of last resort.

In the case of Burdsell v Burdsell, 33 Kansas 433, it is stated in the syllabus that:

"The guardian of an insane woman cannot bring and maintain an action against her husband for divorce and alimony or for alimony alone."

In the opinion in this case the court declares that:

"Marriage is a personal status and relation assumed for the joint lives of the parties and can never be created or brought into existence except with the free and voluntary consent of the parties assuming the same, and it can never be dissolved or destroyed while both parties are living so as to affect an innocent party thereto except for grievous and essential wrong committed against such relation by the other party and with the free and voluntary consent and indeed with the active and affirmative volition of the wronged and innocent party. In other words, the marriage status and relation of an insane person who has given no cause for divorce cannot be dissolved or abrogated at all, for it cannot be dissolved or abrogated except with the voluntary consent of such insane person and such insane person is incapable of giving any consent to such a dissolution or abrogation."

In the case of Worthy v Worthy, 36 Ga. 45, the syllabus is as follows:

Syl. 1. "A suit for a total divorce, brought in the name of a lunatic wife, by prochain ami, against her husband, cannot be maintained. The right to institute such suit is strictly personal. It is at the volition of the wife only, whether such suit shall be begun and prosecuted or not.

Syl. 2. "The will of a prochain ami or guardian of a confirmed lunatic may not be the will of the lunatic. Courts will regard only the **intelligent will of the lunatic.**"

In deciding this case the court said:

"We are unable to regard the right to sue for a divorce in any other light than as strictly personal to the party aggrieved. It is solely under the control of the person injured by the infidelity of the other; it is at the volition of that party whether a suit shall be prosecuted or not."

In an opinion rendered by the Supreme Court of Iowa in the case of Mohler v Shank, 93 Iowa 273, it is held that:

"The marriage contract, by which two persons assume the relation of husband and wife for their joint lives, is a personal status or condition entered into by the parties alone. No guardian or parent or next friend can, by any means known to the law, effectuate a marriage between his ward or child and another. The relation depends upon the free and voluntary consent and the active and affirmative will, of the parties. And it appears to us that a guardian of an insane person has no more right to maintain an action to dissolve the marriage relation of his ward than he has to manage and control his will in the matter of entering into the relation."

Counsel for the plaintiff in so far as jurisdiction is involved cites the case of Baker v Baker, 6 Prob. Div. 12.

This is an old English case the doctrine of which is not recognized or approved by the courts of this country. While this case holds that the guardian of an insane person can maintain a suit for divorce, the court in the present case adopts the ruling found in the Mohler v Shank case which is set forth in the opinion as follows:

"It is to be conceded that the English law of divorce is much like our own state and that in the cited case it was held that the guardian of an

insane person might maintain an action for divorce in behalf of his ward. We have given the case a careful examination and have to say that we cannot bring ourselves to approve the rule therein announced."

It is clear that an "entirely different legal situation is presented legally when the **defendant** is an insane person and the cause of action arose previous to the adjudication of insanity."

It is the opinion and judgment of the court that the plaintiff herein cannot maintain and support a suit for divorce as set forth in the petition. This cause is therefore dismissed and counsel requested to present an entry accordingly.