**JACK, Plaintiff-Appellee, v JACK ET, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 20410-20765. Decided June 23, 1947.

Brooker, Weltman & Brooker, Cleveland, and Adams & Adams, Cleveland, for plaintiff-appellee.

Willard Barry, Cleveland, and Cull, Gruner & Stearns, Cleveland, for defendants-appellants.

## OPINION

PER CURIAM:

On February 11, 1944, the plaintiff, Jennie S. Jack an "incompetent" by William H. Long, her Guardian, filed her petition for divorce from George W. Jack in the Common Pleas Court of Lorain County. The petition alleged that the defendant, George W. Jack had deserted the plaintiff in 1938 and had refused to live with her since; that in November, 1938, George W. Jack and William S. Jack, also a defendant, "by and through the use of deceit, coercion, misrepresentation and fraud" induced the plaintiff to execute to them an assignment of her interests in community property in California and the said transactions "were unjust, unreasonable, unfair and a fraud upon the plaintiff."

The plaintiff also alleged that in March, 1940, the defendants, George W. Jack and William S. Jack, through "misrepresentations, fraud and deceit" induced the plaintiff and plaintiff's guardian to enter into a further agreement relative to real and personal community property owned in California, whereby for an inadequate consideration the plaintiff did purportedly transfer to William S. Jack her interests in certain oil lands, oil leases and other real property in the State of California "all of which transfers and agreements were fraudulent, unreasonable and induced by the deceit and coercion and misrepresentations practiced by the defendants, George W. Jack and William S. Jack."

In addition to a prayer for divorce, the plaintiff also prayed that she be granted, by way of alimony, "her just and equitable portion of all property, both real and personal, which the defendant, George W. Jack, be shown to have owned during the married life of the parties."

On March 25, 1945, a change of venue of the case was granted to the Common Pleas Court of Cuyahoga County.

On November 23, 1945, the plaintiff, by her attorneys, filed a motion setting forth that "plaintiff is without sufficient funds to properly prepare and prosecute the instant action"

and plaintiff moved the court for an order allowing to her "reasonable sums for attorney fees, travelling expenses, costs of taking depositions and other expenses incidental and necessary to the preparation and prosecution of this action."

On April 13, 1946, the Common Pleas Court of this County made an entry to the effect that "the court is of the opinion that while adequate alimony for the sustenance of the plaintiff has been provided by her husband, she does not have the funds at her disposal to use as expenses for the necessary preparation of her case and that under the law this court is duty bound to grant same on the authority of §11994 GC."

On April 17, 1947, the Common Pleas Court made a further entry in the case in which the Court found that "§11994 GC is applicable" and further found:

"The Court further finds that the plaintiff does not have the funds at her disposal to use as expenses for the necessary preparation of her action, and that by reason thereof, that portion of the motion asking for an allowance of expenses for the preparation of her cause of action is hereby granted, and refers that part having to do with allowance of attorney fees to the trial court."

"The Court further finds that in order for the plaintiff to properly prepare her case, it is necessary for her attorneys to proceed to the State of California and surrounding vicinity in order to obtain the proper information necessary to establish her claim; that a part of the necessary preparations requires the engaging of real estate appraisers; experts as to the value of oil leases; employing local counsel to arrange for and take depositions of material witnesses, and the findings of those appraisers and other experts hereinabove mentioned."

"The court further finds that the schedule attached hereto and made a part hereof, by reference, as if fully rewritten herein, to be the approximate expenses necessary to be incurred by the plaintiff and her counsel is fair; that by reason thereof the court orders that the defendant, George W. Jack, shall pay to the plaintiff the sum of Two Thousand Dollars ($2,000.00) as and for actual expenses within ten (10) days of the signing of the journal."

There then follows a "schedule of necessary expenses" containing thirteen items for transportation of counsel to Los Angeles and San Diego, California, and return, and for other expenses to be incurred in California in taking depositions, engaging and employing appraisers and hotel expenses.

From the pleadings and the evidence taken on the hearing of said motion, the following facts appear:

George W. Jack was married to Jennie Long in 1916 and they lived as man and wife until 1938. Shortly after their marriage they left for California where they continued to live until their separation in November, 1938.

On November 23, 1938, Jennie Jack and George W. Jack entered into a property settlement agreement in California under the terms of which Jennie Jack waived her right to support, maintenance, dower, rights of inheritance, as well as for attorney fees or costs of any character against George W. Jack, in consideration of the payment to her of $10,000.00 in cash and the transfer to her of certain royalties in oil, and gas lands. Shortly after this agreement of November 23, 1938, was entered into in California, Jennie Jack returned to the home of her family in Lorain County, Ohio.

On March 21, 1939, her brother, William H. Long, applied to and was appointed Guardian of the person and estate of Jennie Jack, as a mental incompetent, by the Probate Court of Lorain County, Ohio. In his application William H. Long stated that "Jennie Jack is an incompetent person by reason of mental disability and by reason thereof is incapable of taking proper care and management of herself or of her property."

William H. Long, Guardian, on August 18, 1939, made an application to, and was appointned Guardian Ad Litem for Jennie Long Jack by the Superior Court of San Diego County, California. Thereupon, on the same day, he filed suit in the Superior Court of San Diego County, California, entitled "Complaint for separate maintenance, to set aside property settlement agreement (of November, 1938) and to cancel and annul conveyances." The plaintiff in the action was Jennie S. Jack by William H. Long, her Guardian Ad Litem, and the defendants were George W. Jack and William S. Jack.

In the hearing on the Motion for Allowance of Expenses, Counsel for defendants offered in evidence as "Defendants' Exhibit M" a complete transcript of all records and orders of the California court in the above action. The trial court did not admit in evidence "Exhibit M" but it is attached to the Bill of Exceptions. In our opinion, "Exhibit M" should have been admitted in evidence and we are taking the liberty of quoting from it in this opinion.

William H. Long, as Guardian, proceeded to California and employed the law firm of Higgs & Fletcher, a reputable firm of attorneys of San Diego, California, who prepared and filed

on August 18, 1939, the said complaint. A number of orders to show cause and restraining orders were issued and answers of the defendants were filed. The case was then placed on the civil active list and notice of trial was given. However, before trial, the parties on March 8, 1940, reached and entered into a "Compromise Agreement". This agreement was signed on behalf of the plaintiff, Jennie S. Jack, by William H. Long her Guardian Ad Litem, and by Riggs & Fletcher, her attorneys. By the terms of this agreement, George W. Jack paid the additional sum of $20,000.00 to a trustee to be paid out by such trustee for the benefit of Jennie S. Jack at the rate of $200.00 per month.

The two final paragraphs of the Compromise Agreement read as follows:

"**Third:** This agreement and the binding effect thereof is subject to the approval by the Superior Court of the State of California, in and for the county of San Diego, having jurisdiction over Action No. 97290, heretofore referred to; and the approval of the Probate Court of the County of Lorain, State of Ohio, which said Court now having jurisdiction over the estate of said Jennie S. Jack, an alleged incompetent person.

"That upon the approval of this agreement by the Probate Court, and the deposit of funds for the creation of the Trust herein provided for; the agreement of November 23, 1938, as modified by this agreement herein specifically changed or modified, be confirmed, approved and ratified, and action No. 97290 in the Superior Court of the State of California, in and for the County of San Diego, shall be dismissed with prejudice."

Thereafter, the Superior Court of California, for the County of San Diego, approved the said compromise agreement and the said action was dismissed "with prejudice." Later, on March 21, 1940, William H. Long as Guardian, filed his application with the Probate Court of Lorain County, Ohio "to adjust and settle said claims and litigation on the terms and conditions set forth in said compromise agreement" of March 8, 1940. The Probate Court of Lorain County, Ohio, in a Journal Entry in which the Compromise Agreement was set forth in full, approved the same and authorized William H. Long as Guardian "to adjust and compromise said matters and to execute the same Compromise Agreement." Thereafter, the sum of $20,000.00 as provided in the agreement, was deposited

Declaration of Trust approved by the Probate Court of Lorain with the National Bank of Lorain, Ohio, as Trustee under a County. The Guardian then filed his "application for allowance of expenses and attorney fees" in the Probate Court and represented that "such services were of an extended and complex nature and resulted in an increase of this Ward's estate in approximately the amount of $21,000.00."

Attorney fees were paid for these services in an amount exceeding $3000.

**Sec. 11994 GC,** upon which the Common Pleas Court relied in making the order in this case, provides:

"On notice to the opposite party, of the time and place of the application, the court, or a judge thereof, in vacation, may grant alimony to either of the parties, for his or her sustenance and expenses, during the suit * * * * ."

The petition in this case contains no prayer that the assignments made in October, 1938, or the compromise agreement of March 8, 1940, should be set aside. The plaintiff prays that she may be granted by way of alimony "her just and equitable portion" of all the property which George W. Jack may be shown to have owned during the married life of the parties. While to grant such relief and to make it effective may require setting aside the assignment of November, 1938, and the Compromise Agreement of March 8, 1940, as approved by the California Court, the pleador carefully refrained from making any such request.

It is to be specifically noted that all of the $2000.00 to be paid by George W. Jack to the plaintiff, in the order appealed from, refers to expenditures in being transported to the State of California and in taking of depositions, hiring of appraisers, etc., in that State. These expenses deal with matters specifically covered by the litigation previously instituted in the Superior Court of San Diego County, California and concluded by the settlement agreement.

There is a serious question whether a Common Pleas Court in Ohio would have jurisdiction to set aside the settlement agreements between the parties which had received the approval of the Superior Court of San Diego County, California, and on the basis of which the action between the parties then pending in that court was dismissed with prejudice.

It is our opinion that §11994 GC, cannot be invoked in an action for divorce and alimony brought by a Guardian on be-

half of his ward, a mental incompetent. It is clear that §11994 GC, can apply only to a divorce action or an action for alimony alone, brought by a party who has the legal capacity to maintain such action.

The great weight of authority in this country holds that the guardian of a mentally incompetent person cannot maintain an action for divorce. The cases are collected in 70 A. L. R. 964, and 149 A. L. R. 1287.

The Common Pleas Court in this case found that adequate alimony for the sustenance of the plaintiff has been provided by the defendant appellant, and the prayer for alimony in the petition is not for sustenance, but is one for a division of the property acquired during marriage.

The only reported Ohio case directly involving the right of a Guardian of a mental incompetent to maintain an action for divorce and alimony, is Pratter v Pratter, 33 N. P. 38. This case was decided by Hoffman, J. of Hamilton County, Ohio, Court of Common Pleas, on November 22, 1934. The plaintiff in the case had been adjudged incompetent by reason of mental disability and infirmity by the Probate Court and a Guardian was appointed for her. The court sustained a motion to dismiss on the ground that the Guardian of a mentally incompetent person cannot bring an action for a divorce for his ward.

If the present case be considered as an action for alimony alone, it is well settled in Ohio that the court does not exercise equitable powers in such an action.

In the case of **Durham v Durham, 104 Oh St 7,** the court held:

"Upon petition of the wife for alimony alone, the trial court is not authorized to make an equitable division of the husband's property but is confined by §11998 GC to make an award as alimony for her maintenance and support during separation."

We therefore deem ourselves obliged to reverse the order of the Common Pleas Court in this case for the following reasons:

1. The Guardian of a mental incompetent is without authority to bring an action for divorce for his ward.

2. Inasmuch as the Common Pleas Court was without jurisdiction to entertain this action for divorce, the court like-

wise is not authorized to exercise equitable powers and to make an equitable division of the husband's property as is prayed for in this case.

3. Even if the trial court should be held to have jurisdiction to make an equitable division of defendant's property, by way of alimony, the exercise of such jurisdicition would involve setting aside and nullifying the agreement of November, 1938 and March 8, 1940, by which the action brought by the Guardian in California, was settled and disposed of and received the approval of the California Court. While it is not necessary to decide the question in this proceeding, the jurisdiction of a common pleas court in Ohio to make such a judgment is doubtful.

4. The $2000.00 which the defendant, George W. Jack was ■ ordered to pay to the plaintiff, in the order appealed from, cover an investigation of the property rights of the parties in the State of California and are not alimony for the "sustenance" of the plaintiff or for her "expenses during suit" within the meaning of such language in §11994 GC.

The judgment is reversed and cause remanded with instructions to overrule the motion for allowance of expenses and attorney fees, and for further proceedings according to law. Exceptions noted.

HURD, PJ, MORGAN and SKEEL, JJ, concur.