THE STATE, EX REL. BROWN, ATTORNEY GENERAL, APPELLEE, *v.*
BOARD OF COUNTY COMMISSIONERS; ASH ET AL., APPELLANTS.

(No. 77-730—Decided October 19, 1977.)

*Mr. William J. Brown,* attorney general, *Mr. William J. Anderson, Mr. Stephen Gabalac, Mr. William E. Schultz* and *Mr. Steven J. Schwartz,* for appellee.

*Mr. Anthony Touschner,* for appellants.

*Per Curiam.* The clear language of R. C. 5101.161 mandates the Attorney General to protect appellants' rights against the County Board of Commissioners for such body's purported failure to appropriate the amount certified by the Department of Public Welfare. Under the general rule that "[w]hen a statute creates a cause of action and designates the persons who may sue, none but the persons so designated has the right to bring such action" (59 American Jurisprudence 2d 373, Parties, Section 24), the appellants have no standing. Furthermore, it is clear that the Attorney General is obligated to employ his best efforts in the prosecution of the case at bar and that the applicant for intervention has the burden of showing that representation by existing parties is inadequate. *Afro American Patrolmens League* v. *Duck* (C. A. 6, 1974), 503 F. 2d 294, 298. Applicants for intervention in the matter at bar have not satisfied this burden.

Civ. R. 24 establishes the criteria for determining the right of a party to intervene. It provides, in pertinent part:

. "(A) Intervention of right.

"Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, *unless the applicant's interest is adequately represented by existing parties.*" (Emphasis added.)

We find that the Court of Appeals correctly determined that the Attorney General adequately represents the applicants for intervention, and properly denied the motion for intervention at this stage of the proceeding.[2]

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN and LOCHER, JJ., concur.

CELEBREZZE and SWEENEY, JJ., dissent.

---

[2]We do not conclude that in light of future proffered testimony critical to the above-mentioned applicants for intervention a subsequent motion to intervene is procedurally barred.