BROACH, Grdn., Appellant,

v.

BROACH, Appellee.

[Cite as *Broach v. Broach*, 177 Ohio App.3d 664, 2008-Ohio-4132.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 22225.

Decided Aug. 15, 2008.

Michael R. Eckhart, for appellant.

Altick & Corwin Co., L.P.A., and Peter R. Certo Jr., for appellee.

GLASSER, Judge.

{¶ 1} Appellant, Carol J. Broach, by and through her legal guardian, appeals from the trial court's dismissal of her divorce complaint against her husband, appellee, William E. Broach.

{¶ 2} The record reflects that the appellant's son, William S. Broach, was appointed as her guardian in 2005 after she suffered a stroke. As a result of the stroke, the appellant is mentally incompetent. She cannot testify intelligently or express her wishes. Acting in his capacity as guardian, William S. Broach filed a complaint for divorce on his mother's behalf in January 2006.

{¶ 3} Following a competency hearing, the trial court determined that the appellant "is unable to form the requisite intent to maintain a divorce action." The trial court rejected the guardian's argument that he could file the complaint on his mother's behalf. The trial court then dismissed the action based on the appellant's incompetency.

{¶ 4} In her sole assignment of error, the appellant contends that the trial court erred in dismissing her divorce complaint. She argues that her son, acting as her guardian, was entitled to file the action on her behalf. In support, she cites *State ex rel. Broer v. Alexander* (1963), 175 Ohio St. 24, 23 O.O.2d 298, 190 N.E.2d 923, and *Heskett v. Heskett* (Nov. 25, 1991), Champaign App. No. 91–CA–05, 1991 WL 256136. In *Broer*, the court held that "[t]he appointment of a guardian for a mentally incompetent person will not abate a divorce action instituted prior to the incompetency." *Broer*, at paragraph one of the syllabus. In *Heskett*, this court addressed a similar situation involving a party who was competent when he filed for divorce but who became incompetent while the action was pending. We cited *Broer* and held that a guardian could continue the action on behalf of the incompetent party.

{¶ 5} In response to *Broer* and *Heskett*, the appellee correctly points out that both cases involved a party who became incompetent *after* filing for divorce.

Here, however, the appellant was declared incompetent in 2005. Her son did not file the divorce complaint on her behalf until January 2006. Therefore, as the trial court recognized, cases such as *Broer* and *Heskett* are distinguishable from the present situation.

{¶ 6} For his part, the appellee directs us to *Shenk v. Shenk* (1954), 100 Ohio App. 32, 59 O.O. 471, 135 N.E.2d 436, and *Prather v. Prather* (Hamilton C.P.1934), 33 Ohio Law Abs. 336, 1934 WL 1286. In *Shenk*, the Third District Court of Appeals stated: "[A] valid petition for divorce cannot be filed for an insane or incompetent plaintiff by a next friend or guardian, for in such instance the will and decision exercised would be that of the next friend or guardian and not that of the real party in interest." *Shenk*, 100 Ohio App. at 34, 59 O.O. 471, 135 N.E.2d 436. In *Prather*, the Hamilton County Common Pleas Court held that a guardian cannot file a petition for divorce on behalf of an incompetent person. In reaching this conclusion, the *Prather* court reasoned:

{¶ 7} "Marriage is a personal and human relationship as well as an institution. It cannot be created except by the consent of the parties, and it is only by the consent and intelligent will of the parties that the status can be changed or altered and the marital union be dissolved.

{¶ 8} "The marriage of an insane husband or wife who has given no cause for divorce and who has become mentally incapacitated since the marriage, cannot be dissolved.

{¶ 9} "It is not possible to determine the will of an insane person in so personal a relationship as marriage. It is not the wrong, in itself, that works the dissolution of marital bonds, it is the will of the party aggrieved. He may desire to condone acts that may have been committed by the opposite party. For reasons of his own he may desire that the marriage relation continue. The guardian has no means or knowledge sufficient to conduct the will or direct the mental processes of the ward as a plaintiff in the hearing of a divorce case." 33 Ohio Law Abs. at 336, 1934 WL 1286.

{¶ 10} Finally, in its ruling dismissing the appellant's divorce complaint, the trial court cited *Jack v. Jack* (Cuyahoga App.1947), 49 Ohio Law Abs. 207, 75 N.E.2d 484, and *Pace v. Pace* (1986), 32 Ohio App.3d 47, 513 N.E.2d 1357. In *Jack*, the Eighth District Court of Appeals opined that "[t]he great weight of authority in this country holds that the guardian of a mentally incompetent person cannot maintain an action for divorce." 49 Ohio Law Abs. at 213, 75 N.E.2d 484. In *Pace*, the Tenth District Court of Appeals held that an incompetent ward cannot file a divorce action in his own name. *Pace*, 32 Ohio App.3d at 48, 513 N.E.2d 1357.

■ {¶ 11} Upon review, we are unpersuaded by the appellee's citation of *Shenk* and *Prather* or by the trial court's citation of *Jack* and *Pace*. Without question, *Shenk*, *Prather*, and *Jack* do support the proposition that a guardian may not file a divorce action on behalf of an incompetent person. But those cases predate the 1970 adoption of the Ohio Rules of Civil Procedure, which, as we will explain, are dispositive here. As for *Pace*, it has no applicability because Carol Broach did not attempt to file a divorce action on her own behalf. Instead, her son filed a complaint in his capacity as her guardian.

■ {¶ 12} In resolving the issue before us, we look first to Civ.R. 17(B), which states that a guardian "may sue or defend" on behalf of an incompetent. In turn, Civ.R. 75(A) specifically provides that "[t]he Rules of Civil Procedure shall apply in actions for divorce, annulment, legal separation, and related proceedings, with the modifications or exceptions set forth in this rule." The parties have not cited, and we have not found, any Ohio case law discussing the impact of these rules on a guardian's ability to file for divorce on behalf of an incompetent ward.[1] But reading Civ.R. 17(B) and 75(A) together leads to the logical conclusion that William S. Broach, in his capacity as guardian, may sue for divorce on behalf of his incompetent mother unless some exception in Civ.R. 75 applies. Having examined the rule, we find no exception that would preclude Civ.R. 17(B) from applying in an action for divorce pursuant to Civ.R. 75(A).[2] Therefore, the appellant's guardian was entitled to file a divorce action on her behalf.

---

1. In *Boyd v. Edwards* (1982), 4 Ohio App.3d 142, 4 OBR 234, 446 N.E.2d 1151, the Eighth District Court of Appeals held that where a guardian files for divorce on behalf of an incompetent ward, and the suit is opposed by the ward's spouse on the basis that the ward does not want a divorce, the court may not grant a divorce without first determining whether the ward, despite his incompetence, is capable of expressing his intentions. The *Boyd* court had no occasion to decide, however, whether Civ.R. 17(B) and Civ.R. 75(A) would allow a guardian to file for divorce on behalf of an incompetent ward who *could not* express his or her wishes. Parenthetically, we note that the South Carolina Supreme Court engaged in a thorough analysis of this issue in *Murray v. Murray* (1993), 310 S.C. 336, 426 S.E.2d 781. The *Murray* court adopted the majority view that, "absent statutory authorization, a guardian cannot maintain an action on behalf of a mentally incompetent for the dissolution of the incompetent's marriage." Id. at 340, 426 S.E.2d 781. Although we are unaware of any Ohio statute authorizing a guardian to sue for divorce on behalf of an incompetent, Civ.R. 17(B) and Civ.R. 75(A) together achieve this result. Cf. *Houghton ex rel. Johnson v. Keller* (2003), 256 Mich.App. 336, 662 N.W.2d 854 (reaching the same conclusion under similar state court rules). We note too that allowing Carol Broach's guardian to proceed on her behalf will not necessarily preclude the trial court from hearing testimony about her intent. In a memorandum to the trial court, her guardian offered to "present evidence to show the fact that Plaintiff, Carol J. Broach, no longer wanted to be married to her husband and further that she voluntarily separated and did not wish to go back to him."

2. Although the appellant has not raised the issue, we note too that the appellee appears to have waived his challenge to the guardian's ability to sue for divorce on behalf of Carol Broach. "Civ.R. 9(A) governs capacity and provides in pertinent part that '[w]hen a party desires to raise an issue as to the * * * capacity of any party to sue or be sued or the authority

{¶ 13} The sole assignment of error is sustained. The trial court's judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed<br>and cause remanded.

DONOVAN, J., concurs.

GRADY, J., dissents in part and concurs in part.

GEORGE GLASSER, J., retired, of the Sixth District Court of Appeals, sitting by assignment.

GRADY, Judge, dissenting in part and concurring in part.

{¶ 14} R.C. 3105.01 provides that a court of common pleas may grant divorces on proof of any one or more of 11 separate causes. Ten of those grounds, including the grounds of incompatibility and extreme cruelty, require a finding of fault based on objective proof of those particular causes. R.C. 3105.01(J), the "no fault" provision, provides that the court may grant a divorce "[o]n the application of either party, when husband and wife have, without interruption for one year, lived separate and apart without cohabitation."

{¶ 15} Article IV, Section 4(B) of the Ohio Constitution authorizes the general assembly to determine the jurisdiction of the court of common pleas and its divisions by statute. "It is the general rule that when a statute creates a cause of action and designates the persons who may sue, no one but the persons so designated has the right to bring such action." Klein and Darling, Civil Practice (2d Ed.2004) 933, Section 17.7, citing *State ex rel. Brown v. Bd. of Cty. Commrs.* (1977), 52 Ohio St.2d 24, 6 O.O.3d 86, 368 N.E.2d 299. Furthermore, "statutes establishing subject-matter jurisdiction, which create and define the right of parties to sue and be sued in certain jurisdictions, are substantive law." *Proctor v. Kardassilaris,* 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 18.

{¶ 16} By conditioning the relief that it permits to actions brought "on the application of either party," R.C. 3105.01(J) limits an action brought on the

---

of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.' Thus, Civ.R. 9(A) places the pleading burden upon a defendant to deny, by specific negative averment or with particularity, a plaintiff's capacity to sue. The defense of lack of capacity to sue is typically waived when an answer only contains a general denial and when the defense is not raised by specific negative averment." *Wanamaker v. Davis,* Greene App. No. 2005–CA–151, 2007-Ohio-4340, 2007 WL 2405708, ¶ 43. In the present case, the appellee's answer contained only general denials and did not raise the guardian's capacity to sue for divorce on behalf of the appellee.

grounds it involves to one commenced by and in the name of one of the two parties to the marriage, the husband or the wife. Because it involves enforcement of a substantive right, the requirement that R.C. 3105.01(J) imposes is not modified or superseded by the procedural "real party in interest" provisions of Civ.R. 17(B). *In re Removal of Osuna* (1996), 116 Ohio App.3d 339, 688 N.E.2d 42.

{¶ 17} R.C. 3105.01(J), the "no fault" grounds, is the most recent addition to R.C. 3105.01. It represents the General Assembly's view that a party is entitled to a divorce, absent any proof of fault on the part of the other party, under circumstances demonstrating an effective termination of the marital relationship. However, by limiting its availability to actions brought on the application of the husband or wife, the General Assembly further demonstrated a concern that such an action is so personal and volitional that only a party to the marriage may bring it.

{¶ 18} In the present case, the guardian's complaint alleged three grounds for divorce: living separate and apart for more than one year, R.C. 3105.01(J); extreme cruelty, R.C. 3105.01(D); and incompatibility, R.C. 3105.01(K). I would hold that the domestic relations court did not err when it dismissed the case with respect to the claim for relief brought pursuant to R.C. 3105.01(J), but that the court erred when it dismissed the case with respect to the claims for relief brought pursuant to R.C. 3105.01(D) and (K).